# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

| | |
|---|---|
| BALASSA LABORATORIES, INC.<br><br>　　　Plaintiff,<br><br>v.<br><br>MANNA HERBALS LLC (a Wisconsin LLC) and MANNA HERBALS LLC (an Illinois LLC)<br><br>　　　Defendants. | Case No.: _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, Balassa Laboratories, Inc. ("Balassa") by and through its undersigned attorneys, and files this, its Complaint against Defendants Manna Herbals LLC of Rosholt Wisconsin ("Manna Wisconsin") and Manna Herbals LLC of Cary, Illinois ("Manna Illinois") (collectively Defendants or Manna) and states as follows:

## THE PARTIES

1.　　Plaintiff Balassa Laboratories, Inc. is a Florida corporation having a principal place of business at 428 Chelsea Place Avenue, Ormond Beach, Florida 32174.

2.　　Defendant Manna Wisconsin is a Wisconsin limited liability company with the name Manna Herbals LLC having a principal office at 7705 Wilderness Drive, Rosholt, Wisconsin 54473.

3. Defendant Manna Illinois is an Illinois limited liability company with the name Manna Herbals LLC having a principal address of 7430 Cove Drive, Cary, Illinois 60013.

4. On information and belief Manna Wisconsin and Manna Illinois were formed by and are operated by an individual named Katie Marie Stenglein, residing at 7705 Wilderness Drive, Rosholt, Wisconsin 54473.

## JURISDICTION AND VENUE

5. Count I arises under the laws of the United States prohibiting infringement of federally registered trademarks, specifically the Lanham Act, 15 U.S.C. § 1114.

6. Count II arises under the Lanham Act, 15 U.S.C. § 1125(a), prohibiting false designations of origin.

7. Jurisdiction in this Court is thus proper per 28 U.S.C.§§ 1331 & 1338.

8. Count III arises under the common law of Florida. This Court has supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367(a).

9. The parties are citizens of different states and the amount in controversy exceeds the value of $75,000. Jurisdiction in this Court is thus also proper pursuant to 28 U.S.C. § 1332(a).

10. On information and belief Defendants have sold and distributed and continue to sell and distribute Defendants' products that are the subject of this

dispute to residents and citizens of Florida who reside within this District.  Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTS

11.  Balassa repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

## THE WARTSTICK® MARK

12.  Balassa has used the WARTSTICK mark on a preparation for the removal warts in United States commerce for more than forty years.

13.  Initially Balassa used the mark in the format shown below attached to its preparation for removal of warts:



14.     In the mid-2000s, Balassa began using the WARTSTICK mark in the form shown below with the word Wart with an initial capital letter and with the word STICK in all capital letters in a lighter color outlined with a dark color:

 

15.     Balassa currently marks its packaging and wart removal product with the WARTSTICK mark as shown below:



4

16. Balassa has expended significant resources to promote its products and under the WARTSTICK® mark and has sold and distributed its goods and services under the WARTSTICK® mark to customers throughout the United States.

17. By virtue of Balassa's extensive sales, advertising, and promotion of goods under the WARTSTICK® mark, this brand has become distinctive and recognizable by the public as exclusively denoting Balassa's product.

18. Based on Balassa's decades long widespread and exclusive use of the WARTSTICK mark, WARTSTICK has become a strong mark for its wart removal preparation.

19. Balassa owns United States Trademark Registration No. 4,685,571 for the mark WARTSTICK in standard character form for use in association with "wart removing preparation."

20. A copy of the '571 registration is attached hereto as Exhibit A.

21. The '571 registration is on the Principal Register and has become incontestable pursuant to 15 U.S.C. § 1065 and is therefore "conclusive evidence of the validity of the registered mark" and Balassa's "exclusive right to use the registered mark in commerce" in connection with wart removing preparations pursuant to 15 U.S.C. § 1115(b).

## DEFENDANT'S INFRINGING ACTIVITIES

22. Defendants have adopted and are using in interstate commerce the mark WART STICK to sell wart treatment products that compete directly with products sold by Balassa under the WARTSTICK® mark.

23. On information and belief one or more of the Defendants operates the website mannaherbals.com, the Facebook page facebook.com/mannaherbals, and the Instagram account instagram.com/mannaherbals/.

24. The website mannaherbals.com advertises a "natural wart remedy, with milkweed root" under the mark WART STICK and offers consumers the ability to purchase the product through the website:



6

25. The Instagram account instagram.com/mannaherbals/ includes posts promoting its wart remedy using the trademark WART STICK:



26. The Facebook page facebook.com/mannaherbals includes posts promoting its wart remedy using the trademark WART STICK:



27. The websites www.mannaherbals.com; www.facebook.com/mannaherbals; and www.intagram.com/manaherbals/ are all accessible to consumers across the United States, including consumers within this District.

28.     The container for Defendants' product also bears the mark WART STICK:



29.     The website www.mannaherbals.com includes an "Email Us" link that directs emails to mannaherbshop.gmail.com.

30.     The website www.mannaherbals.com includes an "Contact information" link that lists its email as mannaherbshop.gmail.com and its business address as 7705 Wilderness Dr., Rosholt, Wisconsin 54473.

31.     On or about July 28, 2023, counsel for Balassa sent a notice via email to the address mannerherbshop.gmail.com of Balassa's ownership of the WARTSTICK trademark and that use of the WART STICK name on Defendants' product constitutes trademark infringement and false designation of origin under state and federal law.

32.     On or about July 28, 2023 Katie Stenglein, on behalf of Manna Herbals LLC, responded to the email notice with an email to Balassa's counsel acknowledging that WartSTICK is legally trademarked, but not agreeing to make any changes.

9

33. Despite knowledge of Balassa's trademark rights in the WARTSTICK mark, Defendants have continued to use the WART STICK mark on their wart remedy product.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114

34. Balassa repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

35. Defendants' use of the "WART STICK" mark, without Balassa's consent, constitutes infringement of the WARTSTICK® mark in violation of 15 U.S.C. § 1114 in that, among other things, Defendants' use of "WART STICK" alone or in combination with other words or symbols, has created and will continue to create a likelihood of confusion among the consuming public as to the source, origin, sponsorship, endorsement, or affiliation of the goods being offered.

36. Defendants' acts are intentional and willful.  A routine trademark search would have revealed Balassa' existing federal registration for the WARTSTICK mark, as well as its decades-long prior use of the mark.  Defendants have also refused to cease use of its infringing mark after receiving written notice of the infringement.

37. Defendants' acts have caused, and will continue to cause, damage to Balassa and jeopardize the entire goodwill symbolized by the WARTSTICK® mark

and built up over decades, causing immediate, serious, and irreparable injury to Balassa for which Balassa does not have an adequate remedy at law.

## COUNT II

## FALSE DESIGNATION OF ORIGIN AND TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

38. Balassa repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

39. Defendants' use of the "WART STICK" mark in connection with the sale of a wart remedy is a false designation of origin and an infringement of Balassa's nationwide common law rights in the WARTSTICK® mark, because such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and/or the Defendants' wart remedies with Balassa, and/or as to the origin, sponsorship or approval by Balassa of the goods advertised, promoted, sold, and distributed by Defendants.

40. Defendant's acts have caused, and will continue to cause, damage to Balassa and jeopardize the entire goodwill symbolized by the Balassa® mark and built up over decades, causing immediate, serious, and irreparable injury to Balassa for which Balassa does not have an adequate remedy at law.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER FLORIDA LAW

41. Balassa repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

42. By virtue of having used and continuing to use the WARTSTICK mark in Florida for many years, Balassa has acquired significant common law trademark rights in the WARTSTICK mark.

43. Defendants' use of "WART STICK," alone or in combination with other words or symbols, has created or will continue to create a likelihood of confusion amongst the consuming public as to the source of the goods being offered.

44. Defendant's acts have caused, and will continue to cause, damage to Balassa, and jeopardize the entire goodwill symbolized by the WARTSTICK mark and built up over decades, causing immediate, serious, and irreparable injury to Balassa for which Balassa does not have an adequate remedy at law.

**WHEREFORE**, Balassa respectfully requests entry of Final Judgment against Defendants, providing:

1. That use by Defendants of "WART STICK," or other confusingly similar terms, either alone or in connection with other words or symbols on wart remedy products, constitutes trademark infringement and unfair competition;

2. For a permanent injunction preventing Defendants and their officers, employees, agents, servants, licensees, attorneys, successors-in-interest, and those acting in concert therewith, from using "WART STICK" or any other confusingly similar mark on any wart remedy products;

3. That Balassa be awarded actual damages for the harm suffered resulting from Defendants' infringing conduct;

4. That Balassa be awarded all profits derived by Defendants from infringing conduct;

5. That Balassa be awarded an appropriate monetary award for corrective advertising;

6. For a judgment that this case is "exceptional" under 15 U.S.C. § 1117;

7. That Balassa be awarded its costs and attorneys' fees for bringing and prosecuting this action; and

8. That Balassa be awarded such other and further relief as is just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38, Federal Rules of Civil Procedure, Balassa hereby demands trial by jury on all issues so triable.

Dated this 19th day of January 2024.

                Respectfully submitted,

                BECKER & POLIAKOFF, P.A.
                *Attorneys for Plaintiff*
                1 East Broward Blvd., Suite 1800
                Ft. Lauderdale, FL 33301
                Telephone:  954.985.4174
                Facsimile:  954.985.4176
                KMarkow@beckerlawyers.com *(primary)*
                YGomezRivera@beckerlawyers.com *(secondary)*

                By: */s/Kevin Markow*
                    Kevin Markow, Esq.
                    Florida Bar No. 66982